UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:22-cr-309-SDM-SPF

DONALD ROBERT SMITH
_____/

**ORDER**

On November 15, 2022, counsel for defendant Donald Robert Smith filed under seal a Motion for Determination of Defendant's Competency and Request for a Competency Hearing. (Doc. S-26-1). Attached as an exhibit to the motion was a report of Forensic Psychological Evaluation ("Forensic Psychological Evaluation"). (*Id.*). The evaluation was conducted by Dr. Valerie R. McClain, Psy.D., on November 8, 2022. Dr. McClain found Smith to be within unacceptable limits in three of the six factors for competency. (*Id.*). As a result, Dr. McClain opined that Smith was not competent to proceed to trial. (*Id.*).

Thereafter, the Court conducted a hearing on December 5, 2022, to determine the mental competency of Smith. *See* 18 U.S.C. §§ 4241(c) and 4247(d). The Court advised Smith of his right to testify at the hearing. The only evidence submitted to the Court by either party was the Forensic Psychological Evaluation. Based on the Court's independent review of the Forensic Psychological Evaluation and the Court's own observations of Smith during the hearing, the Court found by a preponderance of the evidence that Smith was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable

to understand the nature and consequences of the proceedings against him and to assist properly in his defense (Doc. 32). As a result, the Court ordered that Smith be committed to the custody of the Attorney General, who shall hospitalize Smith for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward (*Id.*).

At the conclusion of that hospitalization, the warden of the facility filed a Certificate of Restoration of Competency to Stand Trial (Doc. 54). The warden also filed a detailed Forensic Evaluation report submitted by Nicole Osborn, Psy.D. ("Osborn Report") (Doc. S-50). Dr. Osborn opined that Smith "does not suffer from a mental disease or defect that would render him mentally incompetent to the extent that he is unable to understand the legal proceedings against him or assist properly in his defense. He appears to possess sufficient competency related ability to continue with his criminal proceedings. . . Smith is competent to proceed at this time." (*Id.*).

Pursuant to 18 U.S.C. §§ 4241(e) and 4247(d), the Court conducted a second competency hearing on November 7, 2023. At the hearing, the United States moved the Osborn Report into evidence without objection. Smith did not contest Dr. Osborn's opinions regarding competency.

Based on the Osborn Report, the Court's own observations, and in the absence of any contrary evidence, the Court finds by a preponderance of the evidence that Smith has recovered to such an extent that he is not presently suffering from a

mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense. Accordingly, the Court finds that Smith is competent to stand trial and participate in pre-trial proceedings.

**ORDERED** in Tampa, Florida on November 7, 2023.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE